THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUANA M. ESPARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-217 |
| | § | (JURY) |
| CANON BUSINESS PROCESS | § | |
| SERVICES, INC. | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Juana M. Esparza ("Esparza") files this her Original Complaint against Defendant Canon Business Process Services, Inc. ("Canon") as follows:

NATURE OF THE DISPUTE

1. Canon violated Esparza's rights under the Family Medical Leave Act (the "FMLA") by interfering with, restraining, and/or denying her the exercise of or the attempt to exercise her rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1). In addition, Canon discriminated and retaliated against Esparza for exercising her rights under the FMLA in violation of 29 U.S.C. § 2615(a)(2).

2. Based on the foregoing, Esparza brings this action to recover damages she incurred because of Canon's violation of the FMLA, including without limitation, reinstatement and actual and liquidated damages. In addition, Esparza seeks reimbursement of her reasonable attorneys' fees and costs of court under the FMLA.

JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2021) and 29 U.S.C. §§ 2610-2617 (2021).

4.   Esparza brings this complaint in the district in which she and Canon reside and where a substantial portion of the conduct charged herein occurred.  Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2021).

PARTIES

5.   Esparza is an individual residing in Houston, Harris County, Texas.

6.   Canon is a foreign corporation authorized to do business in the State of Texas. Canon may be served through its registered agent, Corporation Service Company dba Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

STATEMENT OF FACTS

7.   Esparza had been employed by Canon for approximately sixteen (16) years.  On May 4, 2020, Esparza learned that her adult daughter in California, Melissa Hayes ("Melissa"), had experienced a serious health condition requiring hospitalization. The next day, Esparza informed her manager, Carlos Gamboa ("Gamboa") that she would need time off work to help care for her daughter. Gamboa instructed Esparza to contact her supervisor, Susan Davis ("Davis"), for assistance with her request which

Esparza did.  Davis had been Esparza's supervisor for approximately eight (8) months.

8.   Davis approved Esparza's leave from May 6, 2020, to May 25, 2020, and assisted Esparza with completing and submitting the necessary FMLA paperwork online.   Esparza then traveled to California to care for her daughter.

9.   Esparza returned to Houston from California the evening of May 12, 2020.   When Esparza contacted Davis the following morning, she was informed that she would need to quarantine at home for fourteen (14) days due to the COVID-19 pandemic.[1]

10.   On May 21, 2020, Esparza was notified by Nicole Fleming ("Fleming"), a Canon human resources representative, that Fleming had not received the "Certificate of Health Care Provider" form (the "Form") she had previously sent to Esparza by email.  Although Esparza had no record of receiving any such email, Fleming informed Esparza if the Form was not completed and returned to Canon by May 23, 2020, she would be terminated.

11.   Esparza reached out to Davis for assistance who deferred to Fleming for any decisions on Esparza's work status.   Shortly thereafter, Esparza received an "Employment Agreement" by email from Davis rather than the Form.

---

[1]   At the time, the State of California was considered a COVID-19 "hot spot" for infection.

12.    Esparza finally received the Form which she sent to her daughter, Melissa, on May 22, 2020, for her treating physician to complete, sign and return.  Melissa was informed that her treating physician was not available until at least May 26, 2020. As California was a COVID-19 hot spot at the time, Melissa was not able to access the hospital or other medical facilities directly to contact her physician. As such, Melissa returned the completed Form (without her treating physician's signature) along with her hospitalization paperwork to Canon.

13.    On May 26, 2020, Melissa's treating physician remained unavailable and she was still unable to gain entry into the hospital which remained on lock down due to COVID-19.  Melissa was finally able to convince a hospital staff nurse (who met her outside the hospital) to provide a letter on hospital letterhead documenting Melissa's hospitalization and Esparza's presence at the hospital during her hospitalization.  Melissa then sent the staff nurse letter along with her hospitalization paperwork to Fleming by email.

14.    On May 27, 2020, Esparza was informed by Cynthia Quinones ("Quinones") that her FMLA paperwork remained incomplete and inadequate.  Specifically, and despite the information provided by the hospital staff nurse in Melissa's treating physician's absence (which included Melissa's hospitalization paperwork), Canon insisted that Esparza have Melissa's treating physician complete, sign and return the Form.  Quinones followed up that conversation

with an email to Esparza notifying her that Fleming had initially sent her the Form on May 8, 2020.  In fact, the Form had been loaded into Canon's "time reporting system" (the "System") on May 8, 2020, not emailed to Esparza who had neither remote access to the System nor reason to check the System during her leave of absence from work.

15.   Esparza was placed on unpaid leave on May 28, 2020, and informed she would be terminated if all of the requested FMLA paperwork was not submitted by June 1, 2020.  Despite numerous attempts to deliver the necessary paperwork and forms to Melissa's treating physician for completion and return to Canon, Esparza (and Melissa) were unable to contact Melissa's treating physician for assistance with the FMLA paperwork.[2]  Because Esparza was unable to timely comply with Canon's request, Esparza was subsequently terminated.

<u>FIRST CAUSE OF ACTION</u>

<u>Violations of the FMLA</u>

16.   Esparza incorporates all allegations contained in paragraphs 1 through 15.

17.   The FMLA requires employers, such as Canon in this case, to provide up to twelve (12) weeks of unpaid leave to any eligible employee in order to care for the spouse, or a son, daughter, or

---

[2]     The hospital in California where Melissa had been treated and where her treating physician practiced remained on lock down due to the COVID-19 pandemic with only patients and hospital personnel allowed entry.

parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.  29 U.S.C. § 2612(a)(1)(C) (2021).

18.  It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C. § 2615(a)(1)(2021).  It is also unlawful to retaliate against an employee for exercising their rights under the FMLA.  29 U.S.C. § 2615(a)(2) (2021).

19.  The FMLA also requires employers to restore employees to the same position or a position comparable to that held by the employee after a qualifying absence.  Failure to do so is a violation of the FMLA.  29 U.S.C. § 2614(a)(1)(2021).

20.  Applied here, the FMLA provides that an employer who violates the FMLA shall be liable, without limitation, for the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation ("Lost Wages and Benefits"), interest on the Lost Wages and Benefits, and liquidated damages equal to the sum of the Lost Wages and Benefits and corresponding interest.  29 U.S.C. § 2617(a) (2021).

21.  Esparza has been damaged by Canon's violation of the FMLA for which amounts and conduct Esparza sues.

<u>ATTORNEYS' FEES</u>

22.  Esparza has employed counsel for which she seeks reimbursement of her reasonable attorneys' fees and costs incurred

pursuant to 28 U.S.C. § 2617(a)(3)(2021).   Esparza has complied

with all conditions precedent to the recovery of attorneys' fees.

JURY DEMAND

23.   Esparza requests a trial by jury.

PRAYER

WHEREFORE, Plaintiff Juana M. Esparza prays that at trial she

be awarded the following against Defendant Canon Business Process

Services, Inc.:

a.   reinstatement to a comparable position as provided by the FMLA;

b.   actual damages as provided by the FLMA;

c.   liquidated damages as provided by the FMLA;

d.   costs of court;

e.   reasonable attorneys' fees;

f.   prejudgment and post-judgment interest on the amounts awarded above at the highest rate allowed by law; and

g.   such additional relief to which Esparza may be entitled.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed. ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed. ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com